UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:17-CV-00348-HES-MCR

BENJAMIN MICHAEL DUBAY,
PRO SE

       Plaintiff,

vs.

STEPHEN KING, MEDIA RIGHTS
CAPITAL, IMAGINE
ENTERTAINMENT, SONY PICTURES
ENTERTAINMENT, MARVEL
ENTERTAINMENT, SIMON &
SCHUSTER,

       Defendants.
_____/

## ANSWER BY DEFENDANT STEPHEN KING TO AMENDED COMPLAINT

Defendant STEPHEN KING ("KING") or ("Defendant") by his undersigned attorneys, responds as follows to the First Amended Complaint ("Complaint") filed herein by plaintiff BENJAMIN MICHAEL DUBAY ("Plaintiff") in the above-entitled matter:

## INTRODUCTION

1.     Denies each allegation in Paragraph 1, except admits that this Defendant created the literary character Roland Deschain.

1

## JURISDICTION AND VENUE

2.      Denies each allegation in Paragraph 2, except admits that the Complaint purports to allege subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

3.      Denies each allegation in Paragraph 3, except admits that the Complaint purports to base venue under 28 U.S.C. §§ 1391(b)(2) and 1400(a) in this district.

4.      Denies each allegation in paragraph 4 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation in Paragraph 4.

## PARTIES

5.      Denies for lack of sufficient knowledge or information each allegation in Paragraph 5.

6.      Responding to the allegations in Paragraph 6, admits that Defendant resides part of each year in Sarasota County, Florida.

7.      Denies for lack of sufficient knowledge or information each allegation in Paragraph 7, except admits that the film "Dark Tower" is associated with a MRC company.

8.      Denies for lack of sufficient knowledge or information each allegation in Paragraph 8, except admits that an Imagine company is associated with the "Dark Tower" film.

9.      Denies for lack of sufficient knowledge or information each allegation in Paragraph 9, except admits that the film "Dark Tower" will be distributed by a Sony company.

10.      Denies for lack of sufficient knowledge or information each allegation in Paragraph 10, except admits that some of his novels are

published by a Simon & Schuster company.

11.     Denies for lack of sufficient knowledge or information each allegation in Paragraph 11, except admits that a Marvel company is involved in publishing a series of graphic novels based on the "Dark Tower" stories.

12.     Denies each allegation in paragraph 12 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation in Paragraph 12.

13.     Denies for lack of sufficient knowledge or information each allegation in Paragraph 13.

## BACKGROUND FACTS

14.     Denies for lack of sufficient knowledge or information each allegation contained in Paragraph 14.

15.     Denies for lack of sufficient knowledge or information each allegation contained in Paragraph 15.

16.     Denies for lack of sufficient knowledge or information each allegation contained in Paragraph 16.

17.     Denies for lack of sufficient knowledge or information each allegation contained in Paragraph 17.

18.     Denies for lack of sufficient knowledge or information each allegation contained in Paragraph 18.

19.     Denies for lack of sufficient knowledge or information each allegation contained in Paragraph 19.

20.     Denies for lack of sufficient knowledge or information each allegation contained in Paragraph 20.

21.     Denies for lack of sufficient knowledge or information each

51731383_1

allegation contained in Paragraph 21, except admits that there is a copyright Registration No. B1888968 issued on February 4, 1977 for a work entitled "EERIE, Vol. 1, No. 82" which recites that first publication occurred on January 19, 1977.

22.     Denies for lack of sufficient knowledge or information each allegation contained in Paragraph 22.

23.     Denies each allegation in Paragraph 23 to the extent it purports to assert that this Defendant ever read a story that featured "Restin Dane"; denies for lack of sufficient knowledge or information each remaining allegation contained in Paragraph 23.

24.     Denies each allegation contained in Paragraph 24.

25.     Denies each allegation contained in Paragraph 25, except admits that this Defendant was inspired in part by the poem "Childe Roland" in creating the character "Roland Deschain," and that the publications that published Defendant's work speak for themselves.   Defendant denies each remaining allegation.

26.     Denies each allegation contained in Paragraph 26, except admits that at the age of 14 this Defendant was a subscriber of certain Warren Publishing Company publications.

27.     Denies for lack of sufficient knowledge or information each allegation in Paragraph 27, except denies that Defendant ever read stories about Restin Dane.

28.     Denies each allegation in Paragraph 28.

29.     Denies each allegation in Paragraph 29.

30.     Denies each allegation in Paragraph 30 and denies for lack of sufficient knowledge or information the authentication of each quotation attributed to Defendant.

31.    Denies that Defendant ever copied the Restin Dane character or story and denies for lack of sufficient knowledge or information each remaining allegation in  Paragraph 31.

32.    Denies each allegation in Paragraph 32.

33.    Denies each allegation in Paragraph 33 including plaintiff's argumentative mischaracterization of Defendant's writings.

34.    Denies each allegation in Paragraph 34 including plaintiff's argumentative mischaracterization of Defendant's writings.

35.    Denies each allegation in Paragraph 35 including plaintiff's argumentative mischaracterization of Defendant's writings.

36.    Denies each allegation in Paragraph 36 including plaintiff's argumentative mischaracterization of Defendant's writings and denies for lack of sufficient knowledge or information each remaining allegation.

37.    Denies each allegation in Paragraph 37 including plaintiff's argumentative mischaracterization of Defendant's writings and denies for lack of sufficient knowledge or information each remaining allegation.

38.    Denies each allegation in Paragraph 38 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation.

39.    Denies each allegation in Paragraph 39 regarding Defendant's character and denies for lack of sufficient knowledge or information each remaining allegation, including allegations regarding the Restin Dane character.

40.    Denies each allegation in Paragraph 40 regarding Defendant's character and denies for lack of sufficient knowledge or information each remaining allegation, including allegations regarding the Restin Dane character.

51731383_1

41.     Denies each allegation in Paragraph 41 regarding Defendant's character and denies for lack of sufficient knowledge or information each remaining allegation, including allegations regarding the Restin Dane character.

42.     Denies each allegation in Paragraph 42 and denies for lack of sufficient knowledge or information the authentication of each quotation attributed to Defendant.

43.     Denies each allegation in Paragraph 43 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation.

44.     Denies each allegation in Paragraph 44 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation.

45.     Denies each allegation in Paragraph 45.

46.     Denies each allegation in Paragraph 46.

47.     Denies each allegation in Paragraph 47 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation.

48.     Denies each allegation in Paragraph 48 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation.

49.     Denies each allegation in Paragraph 49 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation.

50.     Denies each allegation in Paragraph 50 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation.

51.    Denies each allegation in Paragraph 51.

52.    Denies each allegation in Paragraph 52.

53.    Denies each allegation in Paragraph 53 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation.

54.    Denies each allegation in Paragraph 54 regarding this Defendant and denies for lack of sufficient knowledge or information each remaining allegation.

55.    Denies each allegation in Paragraph 55.

56.    Denies each allegation in Paragraph 56 regarding this Defendant and denies for lack of sufficient knowledge  or information each remaining allegation.

57.    Denies each allegation in Paragraph 57.

58.    Denies each allegation in Paragraph 58.

59.    Denies each allegation in Paragraph 59.

60.    Denies each allegation in Paragraph 60.

61.    Denies each allegation in Paragraph 61.

62.    Denies each allegation in Paragraph 62.

## COUNT I
## COPYRIGHT INFRINGEMENT

63.    Defendant adopts the responses set forth in paragraphs 1 through 62.

64.    Denies each allegation in Paragraph 64.

65.    Denies each allegation in Paragraph 65.

66.    Denies each allegation in Paragraph 66.

67.    Denies each allegation in Paragraph 67.

51731383_1

68.     Denies each allegation in Paragraph 68, except admits that Defendant never sought or obtained permission of anyone regarding Restin Dane.

69.     Denies each allegation in Paragraph 69.

70.     Denies each allegation in Paragraph 70.

71.     Denies each allegation in Paragraph 71 and specifically denies that Plaintiff is entitled to any relief or at all.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

72.     Defendant adopts the responses set forth in paragraphs 1 through 62.

73.     Denies each allegation in Paragraph 73.

74.     Denies each allegation in Paragraph 74.

75.     Denies each allegation contained in Paragraph 75.

76.     Denies each allegation contained in Paragraph 76.

77.     Denies each allegation in Paragraph 77, except admits that Defendant never sought or obtained permission of anyone regarding Restin Dane.

78.     Denies each allegation contained in Paragraph 78.

79.     Denies each allegation contained in Paragraph 79.

80.     Denies each allegation contained in Paragraph 80.

81.     Denies each allegation in Paragraph 81 and specifically denies that Plaintiff is entitled to any relief or at all.

## COUNT III
## VICARIOUS  COPYRIGHT INFRINGEMENT

82.     Defendant adopts the responses set for in paragraphs 1 through 62.

83.     Denies each allegation contained in Paragraph 83.

84.     Denies each allegation contained in Paragraph 84.

85.     Denies each allegation contained in Paragraph 85.

86.     Denies each allegation contained in Paragraph 86.

87.     Denies each allegation contained in Paragraph 87.

88.     Denies for lack of sufficient knowledge or information each allegation contained in Paragraph 88.

89.     Denies each allegation in Paragraph 89 and specifically denies that Plaintiff is entitled to any relief or at all.

90.     Denies each allegation in Paragraph 90, except admits that Defendant never sought or obtained permission of anyone regarding Restin Dane.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (No Claim Stated)

Plaintiff's Complaint and each count thereof fails to state facts sufficient to constitute a claim for relief against Defendant.

51731383_1

## SECOND AFFIRMATIVE DEFENSE

## (17 U.S.C. § 412)

Plaintiff's claims for relief are barred and limited by the provisions of 17 U.S.C. § 412.

## THIRD AFFIRMATIVE DEFENSE

## (17 U.S.C. § 411(a))

Plaintiff's claims for relief are barred by the provisions of 17 U.S.C. § 411(a).

## FOURTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

Plaintiff's purported claims for relief are barred in whole or in part by reason of his unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

## (Lack of Standing)

Plaintiff's purported claims for relief are barred in whole or in part because plaintiff lacks standing to prosecute his claims.

## SIXTH AFFIRMATIVE DEFENSE

## (Fair Use)

Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of fair use, to the extent any such use occurred, which Defendant denies but here assumes for the sake of argument.

51731383_1

## SEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Plaintiff's purported claims for relief are barred in whole or in part because the purported use of Plaintiff's purportedly copyrightable materials constituted a use protected by the First Amendment to the United States Constitution, to the extent ay such use occurred, which Defendant denies but here assumes merely for the sake of argument.

## EIGHTH AFFIRMATIVE DEFENSE
### (*De Minimis* Use)

Plaintiff's purported claims for relief are barred in whole or in part by the doctrine of *de minimis* use, to the extent any such use occurred, which Defendant denies but here assumes merely for the sake of argument.

## NINTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims for relief are barred by the laches of plaintiff and his alleged predecessors in interest.

## TENTH AFFIRMATIVE DEFENSE
### (Protectibility)

To the extent that Plaintiff relies on facts or purported facts, ideas, scenes-á-faire, clichés and conventions of storytelling, his claims are barred.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Some or all of plaintiff' copyright infringement claims are barred by 17

U.S.C. § 507(b).

## TWELFTH AFFIRMATIVE DEFENSE
### (Public Domain)

The allegedly infringed works created  were registered improperly and were published without proper copyright notice, in violation of the Copyright Acts of 1909 and 1976.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (F.R.C.P. 19)

The amended complaint fails to join a party that is required by Federal Rule of Civil Procedure 19.

WHEREFORE, Defendant demands:

1.      That judgment be entered in favor of Defendant as to each count;

2.      That Defendant be awarded his costs of suit, including his reasonable attorneys' fees, incurred in defense of this action; and

3.      That Defendant  be awarded such other and further relief as the Court may deem just and proper.

DATED:  June 7, 2017                       Respectfully submitted,

                                           HOLLAND & KNIGHT LLP
                                           701 Brickell Avenue
                                           Suite 3300
                                           Miami, Florida 33131
                                           (305) 374-8500 (telephone)
                                           (305) 789-7799 (facsimile)


                                           By: /s/  Scott D. Ponce
                                                   Sanford L. Bohrer (FBN 160643)
                                                   Sandy.Bohrer@hklaw.com
                                                   Scott D. Ponce (FBN 0169528)
                                                   Scott.Ponce@hklaw.com

                                           HOLLAND & KNIGHT LLP
                                           50 North Laura Street
                                           Suite 3900
                                           Jacksonville, Florida 32202
                                           (954) 353-2000 (telephone)

                                           Raymond F. Treadwell (FBN 93834)
                                           Raymond.Treadwell@hklaw.com

                                           and

                                           LEOPOLD, PETRICH & SMITH, P.C.
                                           2049 Century Park East, Suite 3110
                                           Los Angeles, California 90067-3274
                                           Telephone: (310) 277-3333
                                           Facsimile: (310) 277-7444

                                           Louis P. Petrich, *Pro Hac Vice* application
                                           pending
                                           lpetrich@lpsla.com
                                           Vincent Cox, *Pro Hac Vice* application
                                           pending
                                           vcox@lpsla.com


                                           Attorneys for Defendant
                                           Stephen King

51731383_1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of this documents was served

by U.S. Mail and electronic mail on June 7, 2017 to all people on the service list below.


By:  <u>/s/  Scott D. Ponce</u>

### SERVICE LIST


Benjamin M. DuBay
944 Churchhill Lane
St. Augustine Fl. 32092 60602-4515
Facsimile: 727-656-3595
Email: BenjaminDubay@gmail.com

14